The Honorable Jim Milum State Representative 607 Skyline Drive Harrison, AR 72601-2309
Dear Representative Milum:
I am writing in response to your request for an opinion on the following question concerning county planning:
 May the Quorum Court approve a Planning Ordinance and specifically exclude any reference to establishment or enforcement of Zoning?
It is stated in this regard that the Quorum Court intends to establish a Planning Board but does not want to impose zoning restrictions on the County.
RESPONSE
It is my opinion that the Quorum Court cannot, through the Planning Ordinance, remove or deny the Planning Board's authority under state law to recommend zoning ordinances. Thus, in my opinion, the Planning Board will be able to recommend zoning ordinances, despite the absence of any reference to zoning in the Planning Ordinance. However, the Quorum Court is not required to approve any such ordinances.
This conclusion is compelled by the fact that in accordance with A.C.A. § 14-17-205(f) (Repl. 1998) (emphasis added):
 The [county planning] board shall have such powers, duties, and function in the areas of plan adoption and enforcement, subdivision, and zoning as specified in §§ 14-17-207 — 14-17-209 and such other duties as may be assigned by the court.
According to A.C.A. § 14-17-207(a) (emphasis added):
 The county planning board, by majority vote of its entire membership, may recommend to the county quorum court the adoption, revision, or rescission of an official plan for the county or zoning, subdivision, setback, or entry control ordinances referred to as implementing ordinances in this subchapter.
See also A.C.A. § 14-17-209(a) (authorizing the county planning board to "prepare, or cause to be prepared, a zoning ordinance for all or part of the unincorporated area of the county")[.]
I must conclude from these provisions that a county planning ordinance that purported to take away this recommendation authority of the planning board would be unenforceable. See generally Ark. Const. Amend. 55, § 1 ([a] county acting through its Quorum Court may exercise local legislative authority not denied by the Constitution of by law).
While the Planning Board may thus recommend zoning, such recommendations are not binding until adopted by the Quorum Court. Accord Rickman v.Mobbs, 253 Ark. 969, 490 S.W.2d 129 (1973). It seems clear, moreover, that the Quorum Court is not required to approve zoning ordinances that may be recommended by the Planning Board. See generally Op. Att'y Gen.97-308 (noting that county zoning plans are not mandatory) and A.C.A. §14-17-207(b) and (c) (setting forth the procedures for obtaining approval of zoning ordinances).
In conclusion, therefore, while it is my opinion that the Quorum Court cannot prevent the Planning Board from making zoning recommendations, the Court can refuse to adopt any recommended ordinances and thereby achieve the goal of no zoning restrictions in the county.[1]
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] It should perhaps be noted that the foregoing discussion assumes that the Quorum Court creates the Planning Board, and does not opt to assume the powers, duties, and functions of the Board, as it may do pursuant to A.C.A. § 14-17-203 (f). Assuming the powers of the Board would, it seems, offer a more direct means of controlling county zoning.